IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL BEST,

          Plaintiff,

vs.                                         Case No. 16-1189-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

          Defendant.


MEMORANDUM AND ORDER

    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On July 11, 2014, administrative law judge (ALJ) James Harty issued his decision (R. at 16-29). Plaintiff alleges that he has been disabled since December 3, 2012 (R. at 16). At step one, the ALJ found that plaintiff has not engaged in substantial

gainful activity since December 6, 2012, the application date (R. at 18). At step two, the ALJ found that plaintiff had a severe combination of impairments (R. at 18). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19). After determining plaintiff's RFC (R. at 22), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 27). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 28). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 29).

**III. Did the ALJ err in his analysis of plaintiff's credibility?**

The framework for the proper analysis of evidence of pain is that the Commissioner must consider (1) whether claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, claimant's pain is in fact disabling. Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995); Thompson v. Sullivan, 987 F.2d 1482, 1488-89 (10th Cir. 1993); Luna v. Bowen, 834 F.2d 161, 163-65 (10th Cir. 1987). If an impairment is reasonably expected to produce some pain,

5

allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence. For example, an impairment likely to produce some back pain may reasonably be expected to produce severe back pain in a particular claimant. Luna, 834 F.2d at 164. Symptoms can sometimes suggest a greater severity of impairment than is demonstrated by objective and medical findings alone. Direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. Luna, 834 F.2d at 165. The absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, but a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations. When determining the credibility of pain testimony the ALJ should consider the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of

nonmedical testimony with objective medical evidence. Thompson, 987 F.2d at 1489.[2]

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence

---

[2] The factors listed in the regulations are similar to the factors noted in Thompson. They are: objective medical evidence; daily activities; location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medications taken to relieve pain or other symptoms; treatment, other than medication, for pain or other symptoms; measures plaintiff has taken to relieve pain or other symptoms; and other factors concerning limitations or restrictions resulting due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(2),(3)(i-vii), 416.929(c)(2),(3)(i-vii).

7

which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even

8

though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).[3]

The ALJ found that plaintiff could perform light work, with additional postural, manipulative, environmental and mental limitations (R. at 22). The ALJ gave some weight to the opinions of Dr. Tawadros, a state agency physician who reviewed the medical records and offered opinions limiting plaintiff to light work with some additional restrictions (R. at 699-706). The ALJ held that evidence of cervical problems and obesity support greater postural limitations than indicated by Dr. Tawadros, and also supports a limitation on overhead reaching (R. at 24).

In regards to plaintiff's mental limitations, the ALJ considered the opinion of ARNP Vitt, a treatment provider, who opined in January 2013 that that plaintiff had no mental limitations, but needed job training (R. at 690-691), and who opined in May 2013 that plaintiff had no physical or mental problems, but that plaintiff needed job training. ARNP Vitt also suggested a part-time job (R. at 685-686). The ALJ

---

[3] Plaintiff argues that this case should be considered in light of SSR 16-3p, which superseded SSR 96-7p, on March 28, 2016. 2016 WL 1237954, 1119029. Although the ALJ decision was made on July 11, 2014 (R. at 29), the Appeals Council decision declining to review the ALJ decision, was made on April 11, 2016 (R. at 5). Thus, SSR 16-3p was adopted while this case was still before the Commissioner. Therefore, the court will consider SSR 16-3p in its review of this case.

9

accorded some weight to this opinion, although finding that the record does support some limitations (R. at 26).

Finally, the ALJ also considered the opinions of Dr. Cohen, who reviewed the record and provided a mental RFC assessment. Dr. Cohen opined that plaintiff had moderate limitations in the ability to understand, remember and carry out detailed instructions; in the ability to interact appropriately with the general public; and in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes (R. at 707-708). Dr. Cohen stated that plaintiff can attend long enough to complete simple tasks, and would need work that did not involve serving the public, or require more than incidental interactions with coworkers (R. at 709). The ALJ found that plaintiff is also limited with regard to interaction with supervisors and complex work due to anxiety and distraction. The ALJ therefore accorded only some weight to this opinion (R. at 26).

Plaintiff alleges that the ALJ erred when it found plaintiff only partially credible, and that this tainted the evaluation of plaintiff's RFC (Doc. 11 at 9). In evaluating plaintiff's credibility, the ALJ noted that plaintiff had a poor work history due to an extensive history of incarceration (R. at 23). The ALJ noted that plaintiff indicated that his extensive prison history limits his ability to work (R. at 23, 250).

10

The ALJ mentioned that his incarceration involved selling prescription narcotics, and cited to medical records that he was not taking his pain medications, drug seeking, and attempts to obtain pain medications. The ALJ stated that this history suggests that he may be exaggerating his complaints of pain and possibly diverting his medication (R. at 23).

The ALJ indicated that plaintiff does not appear to report some of his alleged physical limitations to his medical providers, and has not sought more intensive treatment. The ALJ concluded that these findings undermine plaintiff's allegations (R. at 23).

The ALJ considered plaintiff's obesity, and set forth a detailed summary of the medical records and medical opinions (R. at 23-27). The ALJ also considered statements from third parties (R. at 27). Based on all this information, the ALJ found that plaintiff was only partially credible (R. at 23).

Plaintiff asserts that the ALJ concluded that plaintiff's criminal history made his allegations of pain less credible (Doc. 11 at 9). However, that is not what the ALJ stated in his decision. The ALJ noted plaintiff's extensive history of incarceration, and that plaintiff himself asserted that his life in prison, along with physical and mental impairments, limited his ability to work (R. at 250). However, the ALJ never indicated that he found plaintiff less credible because he had

11

been incarcerated.  The court finds nothing in the ALJ's credibility analysis that clearly violated SSR 16-3p.

The record includes medical records raising a suspicion of drug seeking (R. at 466), and raises questions about why plaintiff's drug screen showed no oxycodone detected when oxycodone was being prescribed for him (R. at 788, 806-807). Plaintiff admitted to overuse of his pain medication, and was warned that any future overuse would result in him no longer being a candidate for opioid therapy (R. at 788).  The medical records also show that plaintiff tested positive for methamphetamines, although its use was denied by the plaintiff (R. at 747).  Furthermore, Dr. Tawadros stated that plaintiff alleged limitations due to back pain which are in excess of the medical findings, and that other limitations alleged by plaintiff are not credible as they are not supported by the medical findings (R. at 706).

Admittedly, the court has some concern about the ALJ's mention of the extent plaintiff reported his limitations to treatment providers or sought intensive treatment.  However, the ALJ reasonably relied on the medical evidence and the medical opinion evidence regarding plaintiff's limitations, and noted medical records that raised legitimate questions about drug seeking behavior.  Dr. Tawadros found that plaintiff's alleged limitations were not supported by the medical findings.  The

court will not reweigh the evidence. The court finds that the balance of the ALJ's detailed summary and evaluation of the evidence and his credibility findings are supported by substantial evidence in the record. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record").

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 11th day of April 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge